UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

W.C. and S.C. on behalf of R.C.,

        Plaintiffs,

   v.

SUMMIT BOARD OF EDUCATION,

        Defendant.

Civ. Action No. 06-5222 (KSH)

**OPINION AND ORDER**

**Katharine S. Hayden, U.S.D.J.**

    The parties, who were apparently unable to settle on the amount of attorney's fees payable to plaintiffs, have moved for an order setting the fee award. The order of this Court that was filed with its December 31, 2007 opinion specifically ruled that attorney's fees would be granted to R.C.'s parents as the prevailing parties in this litigation, which plaintiffs instituted pursuant to 20 U.S.C. § 1412. In that opinion, the Court affirmed the decision of Administrative Law Judge Richard McGill ("Judge McGill") that reduced the fee award by one-half. In light of the earlier dispositive opinion, the Court assumes the parties' familiarity with the facts.

    Plaintiff R.C. ("RC"), by and through W.C. and S.L.C. (collectively, "plaintiffs"), seeks total legal fees and costs in the amount of $88,561.$^{00}$ for work performed in connection with this matter. Defendant, Summit Board of Education ("Summit"), argues that the amount must be "substantially" reduced, and submits that plaintiffs should recover $16,247.$^{44}$ in attorney's fees, which represents the subtraction of the claimed amount of allegedly unreasonable fees, the

1

halving of the net fees for partial victory, and a second halving of fees for "unreasonable" attorney conduct.

In response, plaintiffs argue that it is "difficult" to divide hours spent on a "claim-by-claim basis" and argue their attorney should "recover a fully compensatory fee" because the "plaintiff obtained excellent results," albeit "plaintiff failed to prevail on every contention raised in the lawsuit." (Pls.' Reply Br. 1 (citing S.A. v. Riverside Delanco Sch. Dist. Bd. of Educ., 2006 U.S. Dist. LEXIS 22302, *19-20 (D.N.J. 2006).) Plaintiffs point to their total victory on two points before Judge McGill, specifically by obtaining rulings that Summit's "proposed IEP was inadequate" and that "Somerset Hills was an appropriate placement" for RC. With respect to the extent of attorney time spent in this case, plaintiffs argue that they were entitled to consult with their lawyer prior to, and following, RC's IEP meeting in order to learn their rights and all possible avenues of recourse. They contend, and the Court agrees, that attorney time was properly spent in discussing strategy regarding possible motions, even though certain contemplated motions were never filed.

The Court is persuaded that plaintiffs did not bill improperly for so-called "clerical" work and that the nature of the attorney work described is properly related to the results achieved. The Court will not speculate about whether plaintiffs' attorney was "at the center of" the conduct they engaged in—the conduct that Judge McGill found to be unreasonable. Cutting the fee award by half, given the solid results obtained, speaks loudly to the reasonableness issue, and the Court sees no reason for further reductions. In short, having affirmed Judge McGill, what the Court needed to determine was whether the entries in counsel's certification of services are reasonable and the math is sound. They are and it is, and one-half of that amount results in the


amount of $44,280.$^{50}$, which shall be paid by Summit pursuant to 20 U.S.C. § 1412(a)(10)(C) and N.J.A.C. §6A:14-2.10(b).

   Good cause appearing,

**IT IS** on this 21st day of November 2008,

**ORDERED** that plaintiffs as the prevailing parties are awarded fees and costs in the amount of $44,280.$^{50}$ payable to their attorney on or before December 30, 2008.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.